# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ADAMSON'S INC ) | Case No. 16-40411-JMM |
| ) | Ch. 7 |
| Debtors. ) | |
| _____ ) | |
| RAINSDON ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. Proceeding 17-08009-JMM |
| ) | |
| BRENT R. ADAMSON and DEBORAH J. ) | |
| ADAMSON, husband and wife; LINDSEY ) | |
| QUILLIN and DANIELLE QUILLIN, ) | |
| husband and wife; MORTGAGE ) | |
| ELECTRONIC REGISTRATION ) | |
| SYSTEMS, INC., solely as a nominee for ) | |
| AMERICAN FINANCIAL RESOURCES, ) | |
| INC.; and TITLEONE CORPORATION, an ) | |
| Idaho corporation, d/b/a SUN VALLEY ) | |
| TITLE, ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

**NOTICE OF PRETRIAL CONFERENCE AND ORDER**

On the 18th day **of April, 2019, at 10:00 a.m.** (Mountain Time), a telephonic pretrial conference will be held in the above captioned proceeding, and the Court will initiate the call.

No later than seven (7) days prior to such pretrial conference, the parties, through counsel, shall discuss the following matters which will be addressed at the pretrial conference.

1. Whether the pleadings are settled, or whether parties anticipate requests for amendments to the pleadings or to join additional parties. If the latter, whether

NOTICE OF PRETRIAL CONFERENCE AND ORDER - 1

such amendments may be accomplished by stipulation or, alternatively, the time required to present such matters to the Court.

2. Whether there are unresolved issues of jurisdiction, service or procedure that must be addressed.

3. The anticipated time required to complete all discovery, and whether any discovery issues (experts, privilege, electronic records, etc.) are anticipated that may require special attention.

4. The possibility of pretrial motions, including any dispositive motions, and a suggested deadline for the filing and hearing of such motions.

5. The number of anticipated witnesses and the volume of anticipated exhibits, and any matters related to the Court's standard "Order Regarding Exhibits and Witness List" (a copy of which is attached hereto).

6. The potential for resolution through, and any matters relating to, alternative dispute resolution (ADR) practices and procedures.

7. The anticipated time required for trial.

Parties shall have, at the time of the pretrial conference, access to the calendars of the attorneys who will be trying the matter, and shall be prepared to identify available and unavailable dates for the scheduling of trial.

DATED: April 05, 2019                          STEPHEN K. KENYON, CLERK
                                               U.S. BANKRUPTCY COURT

                                               By: /s/ *Pamela Fulwyler*

                                               Pamela Fulwyler
                                               Deputy Clerk

NOTICE OF PRETRIAL CONFERENCE AND ORDER - 2

CLERK'S CERTIFICATE OF SERVICE

      I hereby certify that on the 5th day of April, 2019, I served a correct copy of the above Notice to any parties registered to receive electronic mail or by first class, ordinary mail to the following:

Jesse A.P. Baker on behalf of Defendant Mortgage Electronic Registration Systems
ecfidb@aldridgepite.com, JPB@ecf.inforuptcy.com;jbaker@aldridgepite.com

Thomas E Dvorak on behalf of Defendant TitleOne Corporation
ted@givenspursley.com, s274@givenspursley.com;lisanicholas@givenspursley.com

Daniel C Green on behalf of Plaintiff Gary L. Rainsdon
dan@racinelaw.net, rag@racinelaw.net;hml@racinelaw.net

Joseph N Pirtle on behalf of Cross-Claimant Danielle Quillin
jnp@elamburke.com, tlh@elamburke.com

Joseph N Pirtle on behalf of Cross-Claimant Lindsey Quillin
jnp@elamburke.com, tlh@elamburke.com

Joseph N Pirtle on behalf of Defendant American Financial Resources, Inc.
jnp@elamburke.com, tlh@elamburke.com

Joseph N Pirtle on behalf of Defendant Danielle Quillin
jnp@elamburke.com, tlh@elamburke.com

Joseph N Pirtle on behalf of Defendant Lindsey Quillin
jnp@elamburke.com, tlh@elamburke.com

Gary L. Rainsdon
trustee@filertel.com, id09@ecfcbis.com

Paul Ross on behalf of Cross Defendant Brent Adamson
paul@idbankruptcylaw.com

Paul Ross on behalf of Cross Defendant Deborah Adamson
paul@idbankruptcylaw.com

Paul Ross on behalf of Defendant Brent Adamson
paul@idbankruptcylaw.com

Paul Ross on behalf of Defendant Deborah Adamson
paul@idbankruptcylaw.com

NOTICE OF PRETRIAL CONFERENCE AND ORDER - 3

Matthew L Walters on behalf of Cross-Claimant Danielle Quillin
mlw@elamburke.com, judy@elamburke.com

Matthew L Walters on behalf of Cross-Claimant Lindsey Quillin
mlw@elamburke.com, judy@elamburke.com

Matthew L Walters on behalf of Defendant American Financial Resources, Inc.
mlw@elamburke.com, judy@elamburke.com

Matthew L Walters on behalf of Defendant Danielle Quillin
mlw@elamburke.com, judy@elamburke.com

Matthew L Walters on behalf of Defendant Lindsey Quillin
mlw@elamburke.com, judy@elamburke.com


STEPHEN W. KENYON
Clerk of the Court

By: /s/ *Pamela Fulwyler*

Pamela Fulwyler
Deputy Clerk

NOTICE OF PRETRIAL CONFERENCE AND ORDER - 4

ORDER REGARDING EXHIBITS AND WITNESS LISTS

The following provisions govern all documentary exhibits to be used in the trial of the adversary proceeding, and identification of all witnesses that may be called, except exhibits used solely for purposes of impeachment or rebuttal, and witnesses called solely for rebuttal.

(a)   Marking, exchanging, and providing exhibits

(1)   Each party shall identify a proposed documentary exhibit by marking it, if practicable, in the lower right hand corner of its first page.  Unless there are more than two parties, the plaintiff shall identify exhibits by consecutive number starting with 100 (100, 101, 102, 103, etc.), and the defendant shall identify exhibits by consecutive number starting with 200 (200, 201, 202, 203, etc.).

(A)   If there are more than two parties, or if parties anticipate a number of exhibits greater than this protocol will accommodate, the parties shall address that matter with the courtroom deputy and comply with such orders as the Court may enter as to exhibit identification and numbering.  Ordinarily subsequent number ranges (300, 301, 302, 303, etc.; 400, 401, 402, 403, etc.) will be assigned to the additional parties.

(2)   Any party intending to offer an exhibit in evidence shall provide pre-marked copies thereof to opposing parties, and provide the original and one copy to the courtroom deputy, no later than seven (7) days prior to the scheduled commencement of trial unless otherwise ordered by the Court.  Failure to do so may be grounds for not admitting an exhibit in evidence.

(3)   Where a party intends to offer ten (10) or more exhibits, that party shall place its pre-marked exhibits in tabbed binders prior to exchanging exhibits with other parties or providing them to the courtroom deputy.

(b)   Identification and disclosure of witnesses

(1)   Each party shall disclose the names and addresses of all witnesses proposed to be called at trial, except for rebuttal witnesses.  Such witness lists shall be provided to opposing parties and the courtroom deputy no later than seven (7) days prior to the scheduled commencement of trial unless otherwise ordered by the Court.  Failure to do so may be grounds for not allowing the testimony of a witness.

(2)   Parties designating a witness shall have the responsibility, subject to the Bankruptcy Rules, of assuring the presence of the witness at trial.

(c)   Discretion of the Court.

<u>Notwithstanding the foregoing, the Court may enter such orders concerning exhibits or witness lists as may be necessary or appropriate, including modification or waiver of the requirements of this Order.</u>

**<u>BY ORDER OF THE COURT</u>**