Daniel C. Green (ISB#: 3213)
Heidi Buck Morrison (ISB #9396)
RACINE OLSON, PLLP
P.O. Box 1391
Pocatello, Idaho 83204
Phone: (208)232-6101
Fax: (208) 232-6109
dan@racineolson.com
heidi@racineolson.com

*Attorneys for Gary L. Rainsdon*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>ADAMSON'S INC.,<br><br>Debtor. | Case No. 16-40411-JMM<br>(Chapter 7) |
| GARY L. RAINSDON, TRUSTEE<br><br>    Plaintiff,<br><br>v.<br><br>BRENT R. ADAMSON and DEBORAH J. ADAMSON, husband and wife; LINDSEY QUILLIN and DANIELLE QUILLIN, husband and wife; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., solely as a nominee for AMERICAN FINANCIAL RESOURCES, INC.; and TITLEONE CORPORATION, an Idaho corporation, d/b/a SUN VALLEY TITLE,<br><br>    Defendants. | Case No. 17-08009-JMM |

**STIPULATION FOR SETTLEMENT**

Gary L. Rainsdon, the duly appointed and acting Chapter 7 Trustee of the Debtors herein (the "Plaintiff" or "Trustee"), by and through his counsel of record RACINE OLSON, PLLP, and

**STIPULATION FOR SETTLEMENT** – Page 1

Defendants Lindsey Quillin and Danielle Quillin (the "Quillins") and American Financial Resources, Inc. ("AFR") (collectively, "Defendants"), by and through their counsel ELAM & BURKE, P.A., hereby stipulate and agree as set forth in the Settlement Agreement and Mutual Release attached hereto as Exhibit A.

DATED this 4th day of November, 2019

RACINE OLSON, PLLP

By: /s/ Heidi Buck Morrison
    HEIDI BUCK MORRISON, attorney for
    Trustee

DATED this 4th day of November, 2019.

ELAM & BURKE, P.A.

By: /s/ Joseph Pirtle
    JOSEPH PIRTLE, Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___5th day of November, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jesse A.P. Baker
ecfidb@aldridgepite.com
JPB@ecf.courtdrive.com

Thomas E Dvorak
ted@givenspursley.com
s274@givenspursley.com
lisanicholas@givenspursley.com

Joseph N Pirtle
jnp@elamburke.com
adm@elamburke.com

Gary L. Rainsdon
trustee@filertel.com
id09@ecfcbis.com

Paul Ross
paul@idbankruptcylaw.com

Matthew L Walters
mlw@elamburke.com
judy@elamburke.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants via U.S. Mail, First-Class, postage prepaid and addressed as follows:

Adamson's, Inc.
20481 North Main
Carey, ID 83320

                                                /s/ Heidi Buck Morrison
                                                HEIDI BUCK MORRISON

STIPULATION FOR SETTLEMENT – Page 3

# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Agreement") is entered into effective September 9, 2019, by and between GARY L. RAINSDON, the Chapter 7 Trustee of the Estate of Adamson's Inc. ("TRUSTEE"), LINDSEY QUILLIN and DANIELLE QUILLIN, husband and wife (collectively the "QUILLINS"), and AMERICAN FINANCIAL RESOURCES, INC. ("AFR"). Each such party is referred to in this Agreement as a "Party" and all such parties are referred in this Agreement, collectively, as the "Parties."

## RECITALS

This Agreement is entered with reference to the following facts and claims:

A.  WHEREAS, on May 12, 2016, Adamson's Inc. filed a voluntary petition under Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Idaho, Case No. 16-40411-JMM.

B.  WHEREAS, on March 17, 2017, Trustee filed an Adversary Complaint in the United States Bankruptcy Court for the District of Idaho, Case No. 17-08009-JMM, styled *Gary L. Rainsdon, Trustee v. Brent R. Adamson and Deborah J. Adamson, husband and wife; Lindsey Quillin and Danielle Quillin, husband and wife; Mortgage Electronic Registration Systems, Inc., solely as a nominee for American Financial Resources, Inc.; and TitleOne Corporation, an Idaho corporation, d/b/a Sun Valley Title* (the "Adversary Proceeding").

C.  WHEREAS, in the Adversary Proceeding, Trustee asserted claims under 11 U.S.C. §§ 548, 554(b), 549, 550 and 542, and Idaho Code § 55-913 *et seq.*, seeking to avoid transfers of the real property and improvements located at #8 4th Street, Carey, Idaho 83320 (the "Property"), and to recover the Property or its value for the benefit of the Adamson's Inc. Estate, and sought an award of attorney's fees and costs.

D.  WHEREAS, the Quillins and AFR denied Trustee's claims in the Adversary Proceeding and denied that the Property was subject to recovery or turnover for the benefit of the Adamson's Inc. Estate.

E.  WHEREAS, the Parties filed cross motions for summary judgment in the Adversary Proceeding, which motions were set for hearing on September 11, 2019.

F.  WHEREAS, the trial of the Adversary Proceeding is set for October 16-17, 2019.

G.  WHEREAS, the Parties wish to fully, finally and forever settle and resolve any and all disputes between them with respect to the Adversary Proceeding and arising out of or pertaining to the allegations and claims asserted in the Adversary Proceeding on the terms and conditions set forth in this Agreement.

SETTLEMENT AGREEMENT AND MUTUAL RELEASE - 1

NOW, THEREFORE, in consideration of the covenants and agreements herein set forth, the Parties agree as follows:

1. The Recitals set forth above are hereby acknowledged by the Parties as true and correct and are incorporated by this reference into this Agreement.

2. This Agreement is conditioned upon entry of an order of the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure. The Parties agree to jointly file and/or support any such Rule 9019 Motion. Unless and until this Agreement and the related Rule 9019 Motion are approved by order of the Bankruptcy Court, this Agreement shall be null and void and of no further effect.

3. Payment in the amount of Seventy-Five Thousand and No/100 U.S. Dollars ($75,000.00) shall be made on behalf of the Quillins and AFR to Trustee within ten (10) business days of entry of an order of the Bankruptcy Court approving this Agreement and the Rule 9019 Motion.

4. Trustee shall dismiss his Amended Complaint (Dkt. 5 in the Adversary Proceeding) with prejudice, and the Parties shall file a stipulation with the Bankruptcy Court for dismissal of the Adversary Proceeding with prejudice. Each Party shall bear their own respective costs and attorney's fees relating in any way to the Adversary Proceeding.

5. The Quillins and AFR hereby waive any and all claims they have or may have against Trustee or the Adamson's Inc. Estate.

6. Trustee hereby waives any and all claims or interests he or the Adamson's Inc. Estate have in or to the Property. Trustee shall record any documentation reasonably necessary to withdraw and remove his or the Adamson's Inc. Estate's claims to or against the Property.

7. For and in consideration of the mutual promises and consideration set forth in this Agreement, the sufficiency of which is hereby acknowledged, each Party, on behalf of themselves, and their past, present and future officers, directors, stockholders, members, attorneys, agents, representatives, employees, subsidiaries, affiliates, partners, insurers, predecessors and successors in interest and assigns hereby releases the other Party and its past, present and future officers, directors, stockholders, members, attorneys, agents, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest and assigns from any and all claims, demands, debts, duties, obligations, promises, liabilities, damages, accounts, payments, liens, acts, costs, expenses, sums of money, suits, actions and/or causes of action of any kind or nature whatsoever whether known or unknown, matured or unmatured, suspected or unsuspected, which any Party ever had, now or may have against the other arising from or in any way having to do with the facts and claims alleged in the Adversary Proceeding.

8. The Parties expressly waive and assume the risk of any and all claims and defenses thereto which exist as of this date, but of which the Parties do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect any party's decision to enter into this Agreement.

SETTLEMENT AGREEMENT AND MUTUAL RELEASE - 2

9. The Parties acknowledge that this Agreement is made and entered into, as is this settlement, as a free and voluntary act of the Parties.

10. This Agreement contains the entire agreement of the Parties relating to the settlement and release of claims contemplated hereby. All prior or contemporaneous agreements, understandings, representations and statements, oral or written, related to the matters stated are merged herein. Each Party acknowledges that there is no representation, inducement, promise or agreement which has been made, orally or otherwise, by the other party, or anyone acting on behalf of the other party, concerning the terms or conditions of this Agreement which is not expressly embodied in this Agreement.

11. The Parties have been supplied with and have read a copy of this Agreement. The Parties further represent to each other that they have consulted with their respective attorney(s) regarding the meaning of the terms and conditions contained in this Agreement and fully understand the content and effect of this Agreement. The Parties approve and accept the terms and provisions of this Agreement and agree to be bound by the same.

12. This Agreement shall be given a fair and reasonable interpretation in accordance with the words hereof, without consideration or weight being given to its having been drafted by any Party or such Party's counsel.

13. In the event of any legal action to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of costs and attorney's fees.

14. The failure of a Party to enforce any term, provision, or condition of this Agreement at any time or times shall not be deemed a waiver of that term, provision or condition for the future, nor shall any specific waiver of a term, provision or condition at one time be deemed a waiver of such term, provision or condition for any future time or times.

15. This Agreement represents the settlement and compromise of disputed claims. No payment or promise contained in this Agreement shall be construed as an admission of liability on the part of any Party, each of which expressly denies liability to the other and intends merely to avoid litigation and buy their peace.

16. This Agreement shall be governed and construed in accordance with the laws of the State of Idaho.

17. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all such counterparts taken together shall be deemed to constitute one and the same instrument. Facsimile or other electronic transmission of any signed, original document, and retransmission of any signed facsimile or other electronic transmission, shall be the same as delivery of the original. At the request of any Party to this Agreement, the signatory will confirm a facsimile or other electronic-transmitted signature by signing an original document.

SETTLEMENT AGREEMENT AND MUTUAL RELEASE - 3

IN WITNESS WHEREOF, the Parties, individually or through their duly authorized representatives, execute this Agreement as shown below:

_____  
Lindsey Quillin

_____  
Danielle Quillin

AMERICAN FINANCIAL RESOURCES, INC.

By: _____  
Its: _____

_/s/ Gary L. Rainsdon_  
Gary L. Rainsdon, Trustee

SETTLEMENT AGREEMENT AND MUTUAL RELEASE - 4

IN WITNESS WHEREOF, the Parties, individually or through their duly authorized representatives, execute this Agreement as shown below:

_____
Lindsey Quillin

_____
Danielle Quillin

AMERICAN FINANCIAL RESOURCES, INC.

By: _____
Its: _____

_____
Gary L. Rainsdon, Trustee

SETTLEMENT AGREEMENT AND MUTUAL RELEASE - 4

IN WITNESS WHEREOF, the Parties, individually or through their duly authorized representatives, execute this Agreement as shown below:

_____        _____
Lindsey Quillin                                                    Danielle Quillin

AMERICAN FINANCIAL RESOURCES, INC.
By LoanCare, LLC as Attorney In Fact
Under a Limited Power of Attorney

By: _____DARCIE LYLE_____        _____
Its: Assistant Secretary                                     Gary L. Rainsdon, Trustee

SETTLEMENT AGREEMENT AND MUTUAL RELEASE - 4